J. F. HACKFELD *v.* J. A. KING, Minister of the Interior.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 17, 1897.     DECIDED MARCH 25, 1897.

JUDD, C.J., WHITING, J., AND CIRCUIT JUDGE CARTER, IN PLACE
OF FREAR, J., DISQUALIFIED.

The duty of the Minister of the Interior to file articles of association and affidavit when presented to him in the form required by law, Chap. 43, Laws of 1890 and amendment of 1896, and when formed for carrying on any business or undertaking for which individuals may lawfully associate themselves, is a ministerial act.

No discretion or power of criticism or rejection is conferred upon the Minister by the statute, and mandamus will lie to compel him to perform the purely ministerial duty of filing the papers, if they comply in form with the requirements of the statute.

OPINION OF THE COURT BY JUDD, C.J.

We adopt the statement of this case as made by the Circuit Judge from whose judgment, dismissing the petition, the appeal is taken to this court, as follows:

"The petition alleges that petitioner and five other persons therein named, being desirous of associating themselves together as a joint stock company under the name of 'The Oahu Sugar Company, Limited,' have duly signed and acknowledged articles of association, that said articles are in due form as required by law, that petitioner has presented said articles, together with all other papers required by law to be filed, to respondent, with the request that respondent file the same in his office, and that respondent wholly neglects and refuses so to do. The prayer is that a writ of mandamus be issued, directing the respondent to file said papers in conformity with law, or to show cause to the contrary.

"Upon the filing of the petition an alternative writ was issued. The respondent thereupon filed a return, admitting the presentation to him of the articles of association as alleged, and his refusal to file them as requested, conceding that by virtue of his office it is his duty to file articles of association in his office when they shall conform to the law, and alleging that said document, purporting to be the articles of association of the Oahu Sugar Company, Limited, is not in form and in accordance with law, and that it is for this reason that he refuses to file it.

"The section of the articles which is the subject of contention herein, reads as follows:

'Third. The purpose of said corporatioin is to engage in agricultural, manufacturing and mercantile pursuits in the Hawaiian Islands, or in connection therewith, including the cultivation of sugar cane, the manufacture of the same into sugar, and all business incidental thereto or which may be profitably conducted in connection therewith; the constructing and maintaining of irrigating works and pumping plants, dams and reservoirs, and the doing of all other things incidental to or proper in the business of supplying water to said corporation and others for irrigating and other purposes; the buying and selling of all goods, wares and merchandise; the dealing in the stocks and bonds of other corporations; the raising of cattle and live stock

and all other ranch business; the purchase and hiring of vessels or steamers and operating the same; the operating of railways necessary or proper in connection with the business of a sugar plantation, and the purchase, construction and maintenance of railroad tracks and of all property used in connection therewith, and the doing of all things and the transaction of all business that may be lawfully done in connection with the purposes aforesaid or any one of them.' "

We find that the articles of association and the affidavit conform to the requirements of the statute, in that the articles set forth all the five particulars required to be set forth by Section 2 and the affidavit is as required by Section 4 of the Act of 1890, being Chap. 43 of the Session Laws of that year. In form they are correct.

The filing of these articles was refused by the respondent for the reason that he was of opinion that in substance they set forth more extended powers which the proposed corporation desire to enjoy than are conferred by statute. But has the respondent any discretion in this matter? Has he the power to criticize or reject any articles of association provided they are in statutory form and set forth as the object of the proposed corporation any business or undertaking for which individuals may associate themselves? We think not.

The businesses or undertakings which are forbidden by this statute and which the minister may reject are those for which it would be unlawful for individuals to associate themselves, and banking and professional business. The business of the proposed corporation is not one of these. The duty of the respondent in filing the articles in question is purely ministerial. The duty is created by statute and confers no discretion upon him. "Mandamus lies to compel performance of duties purely ministerial in their nature and so clear and specific as not to call for the exercise of any discretion in their performance." 14 Am. & Eng. Encyc. of Law, p. 99 and cases cited.

Where the specific duty as in this case is imposed by statute

a mandamus may be awarded. *People v. State Ins. Co.*, 19 Mich. 392. Under a statute similar to ours, being a general act under which corporations may be formed, the Supreme Court of the United States say: "We have to consider, when such articles become the subject of construction, that they are in a sense *ex parte;* their formation and execution—what shall be put into them as well as what shall be left out—do not take place under the supervision of any official authority whatever. They are the production of private citizens, gotten up in the interest of the parties who propose to become corporators, and stimulated by their zeal for the personal advantage of the parties concerned rather than the general good. These articles, when signed by the corporators, acknowledged before any justice of the peace or notary public, and filed in the office of the Secretary of State and the clerk of the proper county, become complete and operative. They are, so far as framed in accordance with law, a substitute for legislation, put in the place of the will of the people of the State, formerly expressed by acts of the legislature. Neither the officer who takes such acknowledgment, nor those who file the articles, *have any power of criticism or rejection.* The duty of the first is to certify to the fact, and of the second to simply mark them filed as public documents, in their respective offices."

. *Oregon R. R. Co. v. Oregonian R'y Co.*, 130 U. S. 26-7.

In *Castle v. Kapena*, 5 Haw. 27, this court held that mandamus would lie against a Cabinet Minister to compel the performance of a purely ministerial duty, and in *Bradley v. Thurston*, 7 Haw. 523, mandamus was refused because the granting or refusing a license to sell spirituous liquors was found to be discretionary. If it be once admitted that the filing officer has the discretion to reject the articles for want of conformity with his opinions of what the objects of the incorporation can lawfully be, he would be exercising a judicial function, and the main object of the Act under consideration, which was to remove from the domain of discretion and possible favoritism or dislike the obtaining of incorporations, would be defeated.

We do not find that Section 12 of the Act in question (of 1890), which reads, "No corporation shall be formed for any of the purposes in this Act in any other manner than as is above provided," confers the discretion upon the respondent to reject articles of association. The respondent must see to it that the "manner," that is, the form and method pursued as to the particulars required by Sections 2 and 4, are complied with. This is as far as he can go. If the papers conform to the statute, as in this case, then the duty of filing them is cast upon the respondent. This 12th section means no more than the last clause of Section 1, which says that joint stock companies   *   *   * "shall be incorporated in the following manner and in no other."

We hold, therefore, that the duty, the performance of which by respondent is prayed for, is purely ministerial, and therefore reverse the judgment appealed from and order the writ of mandamus to issue if necessary.

Having disposed of the case as above, it is not essential to interpret the statute further. We remark that these proceedings do not conform to the form of the pleadings in writs of this nature recommended by this court in *Bradley v. Thurston,* 7 Haw. 533-4, but as no objections were made we make none.

*Kinney & Ballou,* for petitioner.

*H. E. Cooper, Attorney-General ad interim,* for respondent.