## CHARLES H. ATHERTON, CLINTON G. BALLEN-TYNE, ALFRED L. CASTLE, WILLIAM R. CASTLE, FREDERICK W. KLEBAHN, L. TENNEY PECK AND DAVID L. WITHINGTON *v.* A. J. CAMPBELL, TREASURER OF THE TERRITORY OF HAWAII.

SUBMISSION ON AGREED STATEMENT OF FACTS.

ARGUED JANUARY 29, 1909.                    DECIDED FEBRUARY 3, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

STATUTES—*corporations—stare decisis.*

> An ambiguous statute relating to incorporation having been construed by the court and the construction subsequently affirmed, the court will not now adopt a different construction.

OPINION OF THE COURT BY BALLOU, J.

This is a submission on an agreed statement of facts from which it appears that the plaintiffs having taken preliminary steps for organizing an association to be known as the Pearl Harbor Traction Company made application to the defendant for a charter of incorporation authorizing the carrying on of a railway and other businesses under R. L. Sec. 2542. The defendant, with the consent of the governor, refused to grant the charter on the grounds that an association for constructing and operating a railway could not be chartered under R. L. Sec. 2542, but in order to incorporate must file articles of association as prescribed by R. L. Sec. 2535, and upon the further ground that in any event the enumeration in the proposed charter of purposes included in R. L. Sec. 2535 brought the company under the provisions of that section.

The questions in difference submitted to this court are: First, has the treasurer, with the consent of the governor, power to grant a charter to a railway company? Second, are the provisions of R. L. Sec. 2535 sufficient to authorize the incorporation

by articles of association of a railway company? Third, can power to carry on any of the businesses or undertakings specified in R. L. Sec. 2535 be specifically granted by charter either as incidental to a power properly granted or as a separate and independent power?

It is conceded upon both sides that R. L. Sec. 2542 in its present form and R. L. Sec. 2535 are mutually exclusive, so that those associations which can be incorporated under one section cannot be under the other, this being obvious from the amendments made to R. L. Sec. 2542 upon the compilation and enactment of the revised laws in 1905. The question must then be determined by the construction to be given by R. L. Sec. 2535 reading as follows:

"Joint stock companies, for the purpose of carrying on any business or undertaking, either mercantile, agricultural or manufacturing, or buying, selling, leasing or otherwise dealing in real estate and buildings and other structures, whether used or intended to be used as shops, stores, warehouses, offices, boarding and lodging houses, hotels, or otherwise, for which individuals may lawfully associate themselves (excepting banking and professional business) shall be incorporated in the following manner and in no other." R. L. Sec. 2535.

The ambiguity of the section is apparent. On behalf of the plaintiffs it is contended that the section covers only the kinds of business or undertakings specified, in which case the exception of banking and professional business is unnecessary and inconsistent. On behalf of the defendant it is contended that the enumeration of various particular kinds of business is illustrative rather than restrictive, a construction which is consistent with the exception of banking and professional business but renders the long enumeration unnecessary and redundant.

Viewed as a question of first impression, the construction would be one of difficulty. The statute, however, was construed by this court in 1897, and the construction reaffirmed in 1906. *Hackfeld v. King,* 11 Haw. 5; *Fitchie v. Brown,* 18 Haw. 52,

74. According to these decisions the section covers any business or undertaking for which individuals may lawfully associate themselves except banking and professional business, the intervening words being treated as illustrative and not restrictive. We are urged to give consideration to the fact that despite the first decision various treasurers of the Territory have continued to issue charters to railway companies, but we must also remember that during the same time many corporations not falling within the particular classes enumerated have been formed under articles of association. As held in the later decision, we do not think it would be proper now to adopt a different view of the statute.

The first question submitted is answered in the negative and the second in the affirmative. The third becomes unnecessary to consider.

*David L. Withington* and *Alfred L. Castle* for plaintiffs.

*C. R. Hemenway, Attorney General,* for defendant.